UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JASON MARSHALL KERBYSON**                                                         **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 5:23-CV-P108-JHM**

**JAILER KEN CLAUDE** *et al.*                                            **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

In the complaint (DN 1), Plaintiff Jason Marshall Kerbyson states that he is incarcerated as a pretrial detainee at Calloway County Jail (CCJ). He sues CCJ Jailer Ken Claude, Captain Thomas Marshall, Lt. Slade McCuiston, and Lt. Eric Frazier in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

> Calloway County violated my right to due process, my right to a speedy trial, my right to not be physically or sexually abused, and also this jail is abusing its power by hitting me with false charges. Ken Claude, the jailer, failed to train his employees how to not abuse their power when Slade McCuiston hit me with a felony promoting contraband charge back in 2019-2020. A charge was put on me for being in a room where synthetic marijuana was being smoked. I never touched the marijuana and was still sent to the hole for 30 days and a felony case was brought against me. Then later in my sentence Lt. Eric Frazier and three people ran into the hole and Frazier tackled me and grabbed me at my private area rubbed his penis on my backside. . . .

As relief, Plaintiff seeks damages.

Plaintiff also filed a handwritten complaint in which he expands on these allegations (DN 1-1).  As to the promoting contraband charge, Plaintiff states that he "bonded out on this charge in 2020" and believed it had been dismissed until he was arrested in Hazard County, Kentucky, in June 2023 for bond jumping on this charge.

As to Plaintiff's claim against Lt. Frazier, Plaintiff states that he and three other guards came into his cell "in the hole" after he covered the camera.  Plaintiff states that they tackled him on his bed and that Lt. Frazier :

> kept grabbing at my private area and trying to force himself on me.  Plaintiff states that he was then handcuffed and carried into the main hallway where . . . I was further sexually and physically assaulted by Lt. Frazier . . . .  So I was talking trash to them but words should not make them act the way they did.  They dropped me on my face then Lt. Frazier proceeded to push my body forward and rub his private area all over my backside and wrapped me into a burrito suit.  After that I was in the wrap when Lt. Frazier ordered one of his employees to spray me from head to toe with high power orange pepper spray. . . .  I was in excruciating pain and continually begged for them to release me from the stray jacket burrito wrap they had me in . . . for over 4 hours. . . .  Finally, I was allowed back to my cell . . . and they took away my mat and blankets for 30 days so I was forced to freeze and sleep on cold steel.

Plaintiff states that at the time this incident occurred he "was doing two years and a one day sentence for possession of a stolen vehicle."

Plaintiff then states that he is suing Defendant McCuiston for "abuse of power when he pressed charges on me first for promotion of contraband, then for assaulting an officer"; Defendant Frazier for excessive force and sexual assault; and Defendants Thomas and Claude for "abuse of power [and] failure to train . . . allowing these falsified charges to be pressed against me."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the

complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, Calloway County. A municipality such as Calloway County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

A plaintiff can demonstrate a policy or custom by alleging facts that show one of the following circumstances: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of

a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)

Plaintiff makes no allegations regarding a custom or policy, but he does allege that Defendants CCJ Jailer Claude and Captain Marshall failed to train CCJ officers not to "abuse [their] power" by filing "falsified charges" against inmates.[1]  Since Plaintiff has alleged no facts in support of his failure-to-train theory of liability, the Court finds that he has failed to state a claim upon which relief may be granted.  *See, e.g.*, *Gibson v. City of Cincinnati*, 1:21-cv-292, 2021 U.S. Dist. LEXIS 130377, at *8 (S.D. Ohio July 12, 2021) (Plaintiff's conclusory failure-to-train . . . assertions are the types of legal conclusion couched as a factual allegation that do not pass muster under *Twombly* or *Iqbal*."); *Biggin v. Ohio*, No. 3:17-CV-2193, 2019 U.S. Dist. LEXIS 128843, at *16 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any factual underpinning, simply cannot sustain a policy/practice failure to train claim.")

Thus because the complaint is devoid of any facts to support Plaintiff's failure-to-train claims, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

---

[1] Although Plaintiff asserts that these Defendants are liable for failing to train CCJ officers not to abuse their power by filing "falsified charges" against CCJ inmates, the Sixth Circuit has found that, without personal involvement, an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees . . . 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 646-48 (6th Cir. 2012) (finding that absent evidence of personal involvement in the alleged underlying misconduct, the defendant county official could not be individually liable based on her failure to train or supervise).  Thus, absent personal involvement, a failure-to-train claim against an individual official is properly deemed to be brought against the official in his official capacity and treated as a claim against the municipality.  *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).  Here, Plaintiff makes no allegation of personal involvement in the alleged violation of his constitutional rights by either Defendant Claude or Marshall, thus the Court deems his failure-to-train claims as brought against these Defendants in their official capacities.

### B. Individual-Capacity Claims

#### 1. Defendants Claude and Marshall

Plaintiff asserts that Defendants CCJ Jailer Claude and Captain Marshall are liable for the alleged constitutional violations he suffered at CCJ because they are "legally responsible . . . for the overall operation of CCJ." However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). As stated above, the complaint contains no allegations that Defendants Claude and Marshall were actively involved in the alleged violation of Plaintiff's constitutional rights. Thus, the Court will dismiss Plaintiff's individual-capacity claims against them for failure to state a claim upon which relief may be granted.

#### 2. Defendant Frazier

Plaintiff alleges that Defendant Frazier used excessive force and sexually assaulted him between 2019-2020 when he was incarcerated at CCJ "doing two years and one day sentence for possession of a stolen vehicle." Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S.

384, 388 (2007). Under the standard accrual rule, the limitations period starts when "the plaintiff has a complete and present cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). By contrast, courts sometimes apply the "discovery" rule, under which the limitations period starts when the plaintiff "knows of" or "should have known of" the cause of action. *Id*.

Plaintiff obviously knew that Defendant Frazier allegedly used excessive force and sexually assaulted him on the date the incident occurred, which based upon Plaintiff's assertion that it occurred between 2019 and 2020, had to be at the latest, on December 31, 2020; thus, Plaintiff had a complete cause of action on that date. *See Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (holding that "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly excessive force is used"). Plaintiff did not bring this action until August 2023, more than a year after the statute of limitations had expired for these claims. Thus, Plaintiff's claims against Defendant Frazier are time-barred.

For the same reasons, any other claims Plaintiff brings regarding his conditions of confinement during his 2019-2020 incarceration at CCJ, including being placed "in the hole" and having his mat and blanket taken from him, are also barred by the statute of limitations.

Thus, the Court will dismiss Plaintiff's claims against Defendant Frazier and any claims based upon his conditions of confinement at CCJ during his 2019-2020 incarceration there for failure to state a claim upon which relief may be granted.

### 3. Defendant McCuiston

Finally, the Court turns to Plaintiff's claims against Defendant McCuiston for filing "falsified" charges against him for promoting contraband and assaulting an officer. The Court

construes these allegations as malicious-prosecution claims. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Because Plaintiff has not alleged that his criminal case(s) based upon these charges has/have been terminated in his favor, these claims must also be dismissed for failure to state a claim upon which relief may be granted. *See King v. Harwood*, 852 F.3d 568 (6th Cir. 2017) ("[A] malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings.") (citing *Heck*, 512 U.S. 477)); *MPawinayo v. Rothwell*, No. 3:21-CV-00915, 2022 U.S. Dist. LEXIS 25902, at *16-17 (M.D. Tenn. Feb. 14, 2022) (dismissing plaintiff's malicious-prosecution claim as premature since his state-court criminal case was "still pending") (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2159 (2019)).

Thus, because Plaintiff does not allege that the state-court criminal proceedings based on the charges filed against him by Defendant McCuiston have been terminated in his favor, the Court will dismiss Plaintiff's malicious-prosecution claims without prejudice to refiling when/if the pertinent criminal actions are terminated in his favor.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: October 12, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011